IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL WICKLUND,

   Plaintiff,       No. 2: 10-cv-2161 KJN P

  vs.

QUEEN OF THE VALLEY
MEDICAL CENTER, et al.,

   Defendants.     ORDER

_____/

    Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief

pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to

28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1)

and Local Rule 302.

    Plaintiff has submitted a declaration that makes the showing required by

28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court

will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1   trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

2   make monthly payments of twenty percent of the preceding month's income credited to

3   plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

4   the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

5   fee is paid in full.  28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

24  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

25  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

26  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

2

1    notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551

2    U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal

3    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

4    as true the allegations of the complaint in question,  <u>id.</u>, and construe the pleading in the light

5    most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

6          Named as defendants are Queen of the Valley Hospital, North Bay Medical

7    Facility, the California Department of Corrections and Rehabilitation, Dr. Traquina, Dr. Dassah

8    and Dr. Hsieh.

9          Plaintiff alleges that in 2005, he began experiencing chest pain.  For the next few

10   years, he continued to suffer from chest and lung pain.  On May 4, 2009, plaintiff was taken to

11   Vaca Valley Hospital because he suffered from a heart attack.  Seven days later, he was taken to

12   defendant Queen of the Valley Hospital where he underwent an angioplasty.  The angioplasty

13   resulted in damage to plaintiff's heart that forced the doctors to perform an emergency bypass.

14   Plaintiff returned to prison eleven days later.

15         On September 28, 2009, plaintiff was taken to defendant North Bay Medical

16   Facility where a pace-maker was installed in his chest.  Plaintiff did not know what procedure

17   was being performed until after the surgery.  When plaintiff returned to prison, he alleges that he

18   received no follow-up care, later learning that defendant Dr. Dassah had dropped plaintiff from

19   his case load.

20         The Eleventh Amendment bars suits brought by private parties against a state or

21   state agency unless the state or the agency consents to such suit.  <u>See</u> <u>Quern v. Jordan</u>, 440 U.S.

22   332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978) ( per curiam); <u>Jackson v. Hayakawa</u>, 682

23   F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh Amendment is not jurisdictional, the

24   court may raise the defect on its own.  <u>Wisconsin Department of Corrections v. Schacht</u>, 524

25   U.S. 381, 389 (1998); <u>Edelman v. Jordan</u>, 415 U.S. 651, 677-78 (1974).  In the instant case, the

26   State of California has not consented to suit.  Accordingly, plaintiff's claims against the

1   California Department of Corrections and Rehabilitation are legally frivolous and must be

2   dismissed.

3                    The undersigned next considers plaintiff's claims against defendants Queen of the

4   Valley Hospital and North Bay Medical Facility.  As the Ninth Circuit stated after analyzing

5   relevant Supreme Court and other circuit precedent, "the law makes clear that state sovereign

6   immunity does not extend to private entities," merely because they act pursuant to a contract with

7   the state.  Del Campo v. Kennedy, 517 F.3d 1070, 1080-1081 (9th Cir. 2008).  Accordingly, at

8   the screening stage, the undersigned cannot find that plaintiff's claims against these defendants

9   are barred by the Eleventh Amendment.

10                   In Del Campo, the Ninth Circuit went on to state that it was not holding that

11  private actors cannot act under state law:

12           To be clear: Although we hold that private entities cannot be arms of the state, we
             emphatically do not hold that they cannot act under color of state law for the
13           purposes of 42 U.S.C. § 1983 and similar statutes. The two concepts are distinct.
             Compare Mt. Healthy Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97
14           S.Ct. 568, 50 L.Ed.2d 471 (1977) (counties and similar municipal corporations are
             not arms of the state for sovereign immunity purposes) with Monell v. Dep't. of
15           Social Serv. of the City of N.Y., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d
             611 (1978) (local governments may be sued under § 1983 in some circumstances).
16

17  517 F.3d at 1091, n. 16.

18                   Accordingly, the undersigned considers whether plaintiff has stated a colorable

19  Eighth Amendment claim against these defendants.  The law regarding liability of municipalities

20  is applicable to these defendants.

21                   In Monell v. New York City Department of Social Services, 436 U.S. 658 (1978),

22  the Supreme Court held that a municipality can be found liable under section 1983 only where

23  the municipality itself causes the constitutional violation.  Respondeat superior or vicarious

24  liability does not attach under section 1983.  Id. at 694-95.  "It is only when the execution of the

25  government's policy or custom ... inflicts the injury that the municipality may be held liable under

26  [section] 1983."  City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) (citation and internal

4

1   quotation marks omitted).

2         Plaintiff alleges that defendant Queen of the Valley Hospital is liable for the

3   "botched" angioplasty because no qualified physician was on duty to perform the surgery.

4   Plaintiff does not allege that defendant had a policy or custom of having unqualified physicians

5   perform surgeries.  If the unavailability of a qualified physician in plaintiff's case was an

6   aberration from the regular custom of having qualified physician's available, then no

7   constitutional violation occurred.  Because plaintiff has not plead sufficient facts for the court to

8   find a colorable claim, the claims against defendant Queen of the Valley Hospital are dismissed

9   with leave to amend.

10         Plaintiff alleges that defendant North Bay Medical Facility is liable for installing

11   the pace-maker without his permission.  Plaintiff contends that this procedure was performed

12   without determining whether it was medically necessary and that it caused permanent damage to

13   his health.  Plaintiff contends that the pacemaker is not medically necessary.

14         Plaintiff does not allege that the inadequate care he received at the North Bay

15   Medical Facility was as a result of a policy or custom.  Plaintiff does not claim, for example, that

16   unnecessary surgeries are customarily performed at this medical facility.  Because plaintiff has

17   not plead sufficient facts for the court to find a colorable claim, the claims against defendant

18   North Bay Medical Facility are dismissed with leave to amend.

19         Plaintiff alleges that defendant Traquina failed to ensure that his staff provided

20   plaintiff with adequate medical care.

21         The Civil Rights Act under which this action was filed provides as follows:

22         Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the

23         deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at

24         law, suit in equity, or other proper proceeding for redress.

25   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

1  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4  omits to perform an act which he is legally required to do that causes the deprivation of which

5  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6          Moreover, supervisory personnel are generally not liable under § 1983 for the

7  actions of their employees under a theory of respondeat superior and, therefore, when a named

8  defendant holds a supervisorial position, the causal link between him and the claimed

9  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

10  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

11  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

12  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

13  Cir. 1982).

14          Plaintiff does not allege that defendant Traquina was directly involved in his

15  receipt of inadequate medical care.  Rather, plaintiff alleges that defendant Traquina is liable

16  because he was the supervisor of those doctors who provided allegedly inadequate care.  Plaintiff

17  is basing the liability of defendant Traquina on the improper theory of respondeat superior.

18  Accordingly, the claims against this defendant are dismissed with leave to amend.

19          Plaintiff alleges that defendants Dassah and Hsieh provided inadequate medical

20  care, causing plaintiff to suffer serious pain.   The complaint includes no specific allegations

21  regarding defendant Hsieh's involvement in the alleged deprivations.  Plaintiff does not allege

22  how defendant Hsieh provided him with inadequate medical care.  Because plaintiff has failed to

23  link defendant Hsieh with the alleged deprivations, the claims against this defendant are

24  dismissed with leave to amend.

25          The only specific allegation against defendant Dassah is that when plaintiff

26  returned to the prison after surgery, he received no follow-up care and only later realized that

6

defendant Dassah had "dropped" him as a patient.  The court cannot determine from these

allegations whether plaintiff has stated a colorable claim for relief.  Plaintiff does not allege

whose responsibility it was to ensure that plaintiff be re-assigned a new treating physician.  It is

unclear how or why defendant Dassah "dropped" plaintiff as a patient or if he was aware that

plaintiff had undergone surgery.  Accordingly, the claims against defendant Dassah are dismissed

with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

unless there is some affirmative link or connection between a defendant's actions and the

claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior

pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

an amended complaint be complete in itself without reference to any prior pleading.  This

requirement exists because, as a general rule, an amended complaint supersedes the original

complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

complaint, the original pleading no longer serves any function in the case.  Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

1   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

2   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

3   Director of the California Department of Corrections and Rehabilitation filed concurrently

4   herewith.

5           3.  Plaintiff's complaint is dismissed.

6           4.  Within thirty days from the date of this order, plaintiff shall complete the

7   attached Notice of Amendment and submit the following documents to the court:

8               a.  The completed Notice of Amendment; and

9               b.  An original and one copy of the Amended Complaint.

10  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

11  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

12  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

13  Failure to file an amended complaint in accordance with this order may result in the dismissal of

14  this action.

15  DATED:  August 31, 2010

16

17

18

19                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE
20

21  wick2161.14

22

23

24

25

26

8

1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CARL WICKLUND,

11          Plaintiff,                          No. 2: 10-cv-2161 KJN P

12      vs.

13   QUEEN OF THE VALLEY

14   MEDICAL CENTER, et al.,                    NOTICE OF AMENDMENT

15          Defendants.

16   _____/

17          Plaintiff hereby submits the following document in compliance with the court's

18   order filed _____:

19          _____   Amended Complaint

20   DATED:

21

22

23

24                                   _____

25                                   Plaintiff

26

9