IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL WICKLUND,

        Plaintiff,                   No. 2: 10-cv-2161 KJN P

    vs.

QUEEN OF THE VALLEY
MEDICAL CENTER, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On August 18, 2010, plaintiff consented to the jurisdiction of the undersigned. On September 2, 2010, the court dismissed plaintiff's complaint with leave to amend. On October 13, 2010, plaintiff filed a first amended complaint, which the instant order addresses.

        Again named as defendants are Queen of the Valley Hospital, North Bay Health Care, the California Department of Corrections and Rehabilitation ("CDCR"), Dr. Traquina, Dr. Dassah and Dr. Hsieh.

        Plaintiff alleges that in 2005, he began experiencing chest pain. For the next few years, he allegedly continued to suffer from chest and lung pain. On May 4, 2009, plaintiff was taken to Vaca Valley Hospital because he suffered from a heart attack. Seven days later, he was

taken to defendant Queen of the Valley Hospital where he underwent an angioplasty. The angioplasty allegedly resulted in damage to plaintiff's heart that forced the doctors to perform an emergency by-pass. Plaintiff returned to prison eleven days later.

On September 28, 2009, plaintiff was taken to defendant North Bay Medical Facility where a pace-maker was installed in his chest. Plaintiff allegedly did not know what procedure was being performed until after the surgery. When plaintiff returned to prison, he allegedly received no follow-up care, later learning that defendant Dr. Dassah had dropped plaintiff from his case load.

In the first amended complaint, plaintiff alleges that defendant Queen of the Valley Hospital has a policy of having unqualified surgeons perform surgery on inmates. Plaintiff alleges that he suffered injuries as a result of this policy following his angioplasty and emergency by-pass surgery. These allegations state a potentially colorable claim for relief against defendant Queen of the Valley Hospital.

Plaintiff alleges that defendant North Bay Health Care has a policy of allowing its doctors to perform experimental or unnecessary surgery. Plaintiff alleges that he was injured as a result of this policy because the installation of his pacemaker was unnecessary and has made his life-threatening medical condition more severe. These allegations state a potentially colorable claim for relief against defendant North Bay Health Care.

The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against defendant CDCR are legally frivolous and must be dismissed. The September 2, 2010 order also advised

plaintiff that his claims against defendant CDCR were barred by the Eleventh Amendment. Accordingly, because plaintiff cannot state a colorable claim against defendant CDCR, the claims against this defendant are dismissed. If plaintiff files a second amended complaint, he should not include any claims against defendant CDCR.

Plaintiff alleges that defendant Traquina, as the Chief Medical Officer of California State Prison-Solano, should have known that the medical care plaintiff received was constitutionally inadequate. Plaintiff alleges that he gave defendant Traquina notice of the inadequate medical care by way of his administrative grievances. Plaintiff alleges that defendant Traquina chose to ignore his grievances.

Defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285 (1980). "Without proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-85 (9th Cir. 1991).

The undersigned is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

Plaintiff's claim that he put defendant Traquina on notice of the alleged inadequate medical care through his administrative grievances is vague and conclusory because he does not allege when his grievances were filed or how defendant Traquina allegedly responded to them. The undersigned cannot determine whether the grievances were filed "after the fact," or whether plaintiff brought ongoing problems to defendant Traquina's attention. It is also unclear whether defendant Traquina personally responded to them.

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's claim that defendant Traquina is liable for the allegedly inadequate medical care simply based on his position as the Chief Medical Officer is not colorable, as it is based on the theory of respondeat superior.

Accordingly, for the reasons discussed above, the claims against defendant Traquina are dismissed.

Plaintiff alleges that defendant Dassah was personally involved in his medical

care that allegedly resulted in the damage to his arterial vessel, requiring bypass surgery and the implantation of the pacemaker.  Plaintiff alleges that defendant Dassah's actions resulted in plaintiff being subjected to the four hour surgery, that resulted in the emergency bypass surgery.

        Plaintiff does not specifically allege what defendant Dassah did that constituted constitutionally inadequate medical care.  Plaintiff does not allege, for example, that defendant Dassah examined him on certain dates and ignored his complaints of chest pain.  Because the claims against defendant Dassah are vague and conclusory, they are dismissed with leave to amend.

        Plaintiff alleges that defendant Hsieh was his primary care physician.  Plaintiff claims that defendant Hsieh intentionally delayed and misdiagnosed plaintiff's medical problems, which resulted in substantial damage to plaintiff.

        Plaintiff does not allege when or how defendant Hsieh misdiagnosed him or caused a delay in his receipt of medical care.  Because the claims against defendant Hsieh are vague and conclusory, they are dismissed with leave to amend.

        Plaintiff may proceed forthwith to serve defendants Queen of the Valley Medical Center and North Bay Health Care and pursue his claims against only those defendants or he may delay serving any defendant and attempt again to state a cognizable claim against defendants Traquina, Dassah and Hsieh.

        If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Traquina, Dassah and Hsieh, he has thirty days in which to file such an amended complaint.  He is not obligated to amend his complaint.

        If plaintiff elects to proceed forthwith against defendants Queen of the Valley Medical Center and North Bay Health Care, against whom he has stated a potentially cognizable claim for relief, then within thirty days he must return materials for service of process enclosed herewith.  If plaintiff proceeds in that manner, the court will construe plaintiff's election as consent to dismissal of all claims against defendants Traquina, Dassah and Hsieh without

prejudice.

If plaintiff decides to file an amended complaint, any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983

complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Federal Rule of Civil Procedure 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior

pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a second amended complaint, plaintiff must certify that he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against the named defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. The claims against defendant CDCR are dismissed;

2. The claims against defendants Traquina, Dassah and Hsieh are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his second amended complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

3. The allegations in the pleading are sufficient at least to state potentially

cognizable claims against defendants Queen of the Valley Medical Center and North Bay Health Care. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed October 13, 2010, 2 USM-285 forms and instructions for service of process on defendants Queen of the Valley Medical Center and North Bay Health Care. Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed amended complaint filed October 13, 2010. The court will transmit them to the United States Marshal for service of process pursuant to Federal Rule of Civil Procedure 4. Defendants Queen of the Valley Medical Center and North Bay Health Care will be required to respond to plaintiff's allegations within the deadlines stated in Federal Rule of Civil Procedure 12(a)(1). If plaintiff elects to proceed now against those defendants, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Traquina, Dassah and Hsieh without prejudice.

        4. Failure to comply with this order will result in dismissal of this action.

DATED: December 8, 2010

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wick2161.am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL WICKLUND,

    Plaintiff,      No. 2: 10-cv-2161 KJN P

    vs.

QUEEN OF THE VALLEY
MEDICAL CENTER, et al.,

    Defendants.      NOTICE OF SUBMISSION OF DOCUMENTS
_____/

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    __1__      completed summons form

    ____      completed forms USM-285

    ____      copies of the _____
                            3 Amended Complaint

Plaintiff consents to the dismissal of defendants Traquina, Dassah and Hsieh without prejudice.

    OR

    ____ Plaintiff opts to file a second amended complaint and delay service of process.

Dated:

                                      _____
                                      Plaintiff